# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **DAN WESLEY BREWER** | **PLAINTIFF** |
| v. | **CAUSE NO. 1:19CV372-LG-RHW** |
| **BENJAMIN BRIAN HEMPHILL** | **DEFENDANT** |

## ORDER DENYING MOTIONS TO AMEND AND REMAND

BEFORE THE COURT are the [4] Plaintiff's Amended Motion to Remand and [5] Motion to Amend Complaint. Defendant filed a response to both motions, but there has been no reply by Plaintiff. After due consideration of the record, arguments of counsel and the relevant law, it is the Court's opinion that amendment and remand should be denied.

## BACKGROUND

Plaintiff Dan Wesley Brewer filed this lawsuit in the County Court of Jackson County, Mississippi on June 6, 2019 alleging alienation of affection by Defendant Benjamin Brian Hemphill. According to the original Complaint, Hemphill and Brewer's former wife began an affair in June 2016. (Notice of Removal Ex. A, at 4-5, ECF No. 1-1.) Brewer subsequently obtained a divorce, and by this lawsuit seeks $200,000 in compensatory and punitive damages from Hemphill.

Hemphill removed the case to this Court on the basis of diversity jurisdiction; he is a citizen of Louisiana, Brewer is a citizen of Mississippi, and more than $75,000 is at stake. Brewer then moved to amend his complaint and for remand,

arguing that if he is allowed to amend his complaint as requested, complete diversity would not exist. The proposed Amended Complaint adds Brewer's former wife as a defendant, and she is alleged to be a citizen of Mississippi. His claims against her are for negligent and intentional infliction of emotional distress. Allowing the proposed amendment would destroy the diversity jurisdiction that existed at the time this lawsuit was removed.

## DISCUSSION

As a general rule, "jurisdictional facts are determined at the time of removal, and . . . post-removal events do not affect that properly established jurisdiction." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) (citations omitted). However, 28 U.S.C. § 1447(e) imbues the Court with the post-removal discretion to either permit joinder of non-diverse defendants and remand the action to state court or deny joinder.

"When a plaintiff files an amended pleading that would destroy the court's jurisdiction, '§1447(e) requires the court to scrutinize the attempted amendment.'" *Parker v. CitiMortgage, Inc.*, No. 2:14CV173-KS-MTP, 2015 WL 2405168, at *2 (S.D. Miss. May 20, 2015) (quoting *Albritton v. W.S. Badcock Corp.*, No. 1:02cv378, 2003 WL 21018636, at *2 (N.D. Miss. Apr. 7, 2003)); *see also Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) ("The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case 'more closely than an ordinary amendment.'"). "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the

federal forum with the competing interests of not having parallel lawsuits." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). "The court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

"In analyzing the first *Hensgens* factor, district courts often consider whether the plaintiff knew or should have known of the identity of the non-diverse defendant when the original complaint was filed." *Parker*, 2015 WL 2405168, at *3 (citing *Shelley v. Colo. State Univ.*, No. A-14-CA-516, 2015 WL 1004292, at *7 (W.D. Tex. Mar. 6, 2015); *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012); *Weathersby v. Gen. Motors Corp.*, No. 4:04 cv 298, 2006 WL 1487025, at *3 (N.D. Miss. May 24, 2006)). If the plaintiff knew about the non-diverse party when he filed suit but omitted "that party as an original defendant, 'courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity.'" *Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. A-15-CA-19-SS, 2015 WL 1275915, at *5 (W.D. Tex. Mar. 19, 2015) (quoting *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 433, 435 (E.D. Tex. 1995)).

Brewer knew about his former wife's involvement in the affair when he filed his original Complaint against Hemphill in the Jackson County Court. Indeed, there is little difference between the factual allegations contained in the original Complaint and the Amended Complaint. Brewer has merely added allegations that

his former wife "continually lied about the affair to Plaintiff all the while continuing sexual relations with your Plaintiff and Hemphill" in support of his infliction of emotional distress claims against her. (Am. Compl. 4, ECF No. 5-1.) The attempt to add her as a defendant at this stage appears to be for the purpose of destroying diversity jurisdiction. This is particularly so because the "linchpin" of Brewer's remand request is the addition of a non-diverse party, which "strongly suggests" that the purpose of the amendment is to defeat jurisdiction. *Parker*, 2015 WL 2405168, at *4 (citations omitted).

"Several courts have also considered the viability of plaintiffs' claims against proposed defendants under the first *Hensgens* factor." *Parker*, 2015 WL 2405168, at *3 (citing *Anzures*, 886 F. Supp. 2d at 564; *McKnight v. Orkin, Inc.*, No. 5:09CV17-DCB-JMR, 2009 WL 2367499, at *3 (S.D. Miss. July 30, 2009)). Hemphill argues that Brewer cannot state viable claims against his former wife for a number of reasons, but primarily because the divorce proceedings resolved any possible emotional distress damage issue between them. Assuming that Brewer has stated viable claims against his former wife, the Court's assessment of the first *Hensgens* factor remains unchanged. *See Anzures*, 886 F. Supp. 2d at 564. Brewer's former wife could have been named in the original Complaint, yet Brewer only sought to make her a party after Hemphill removed the proceeding to federal court. The Court thus finds that the first factor weighs heavily against allowing Brewer to add her as a defendant.

Turning to the second *Hensgens* factor, Brewer's request for amendment was promptly made. This factor weighs in his favor. However, the third factor – whether Brewer will be significantly injured if amendment is not allowed – does not weigh in his favor. The torts alleged against the former wife – negligent and intentional infliction of emotional distress – are alleged to have occurred when the defendants intentionally carried on an affair. (Am. Compl. 4, ECF No. 5-1.) In connection with both infliction of emotional distress claims, Brewer alleges that the actions "invoked outrage and [revulsion]." (*Id.*) There are no negligent actions alleged.

When, as here, the language used is consistent with an intentional infliction of emotional distress claim, the court is to disregard the plaintiff's label and treat the claim as one for intentional infliction of emotional distress. *Carter v. Reddix*, 115 So. 3d 851, 858-59 (Miss. Ct. App. 2012). The applicable statute of limitations for intentional infliction of emotional distress is one year, and Brewer alleges the affair began sometime prior to December 16, 2017. *Id.* at 859; (Am. Compl. 2, ECF No. 5-1.) Brewer will not be significantly injured if he is unable to bring apparently time-barred claims against his former wife.

Because the Court cannot discern any other equitable considerations bearing upon the joinder of the non-diverse defendant, the Court finds that the balance of the *Hensgrens* factors weighs against allowing her addition to this lawsuit. Amendment and remand will therefore be denied pursuant to 28 U.S.C. § 1447(e).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [4] Plaintiff's Amended Motion to Remand is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [5] Plaintiff's Motion to Amend Complaint is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE